UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
KAMALADOSS V. SELVAM, *pro se*,          :
                                          :
                  Plaintiff,              :
                                          :          **MEMORANDUM AND ORDER**
            -against-                     :          13-CV-6078 (DLI) (JO)
                                          :
EXPERIAN INFORMATION SOLUTIONS,           :
INC. AND RUBIN & ROTHMAN, LLC,            :
                                          :
                                          :
                  Defendants.             :
------------------------------------------------------------ x
**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Kamaladoss V. Selvam (the "Plaintiff") filed the instant action against Defendants Experian Information Solutions, Inc. and Rubin & Rothman, LLC (collectively the "Defendants"), alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff opposes this motion. For the reasons stated below, the action is dismissed for failure to state a claim upon which relief may be granted.

## BACKGROUND

On November 20, 2013, Plaintiff filed an Amended Complaint alleging that, in May 2012, Defendant Rubin & Rothman, LLC made an impermissible "hard pull" credit inquiry and obtained Plaintiff's consumer credit report from Defendant Experian, which is a consumer credit reporting agency. (Amended Compl. ¶ 3; Dkt. Entry No. 9.) Plaintiff alleges that, in doing so, Defendants willfully and negligently failed to comply with the requirements of section § 1681b of the FCRA. (*Id.* ¶¶ 9-10, 19-20.) Plaintiff also alleges that Defendants failed to follow

1

"reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit report" as required under section 1681e of the FCRA. (*Id.* ¶¶ 9, 19.) Plaintiff claims that he is entitled to actual and punitive damages as a result of Defendants' actions because he "has suffered and continues to suffer, and will suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration embarrassment, and humiliation." (*Id.* ¶ 11-13, 21-22.) Defendants jointly filed a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Defendants contend that: 1) Plaintiff has failed to allege facts showing that his consumer report was furnished or obtained for an impermissible purpose; 2) Defendants willfully or negligently violated the FCRA; and 3) Defendant Experian failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report as required under the FCRA. (*See generally* Defs. Mem. of Law in Support of Defs. Joint Mot. to Dismiss Plaintiff's Amended Compl. ("Defs. Mem."); Dkt. Entry No. 20.)

## DISCUSSION

### I. Standard of Review

The Defendants moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) after they had answered the Amended Complaint. A 12(b)(6) motion is proper only before the filing of an answer. *See* FED. R. CIV. P. 12(b). However, as Rule 12(c) serves the same function as the untimely Rule 12(b)(6) motion, the Court will construe the motion as a 12(c) motion for judgment on the pleadings and apply the same standards that are employed for dismissing a complaint for failure to state a claim under Rule 12(b)(6). *See Ad-Hoc Comm. Of the Baruch Clack & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.*, 835 F.2d 980, 982 (2d Cir. 1987); FED. R. CIV. P. 12(c), (h). The Court will

2

exclude all matters outside the pleadings and will not convert this motion into one for summary judgment. *See* FED. R. CIV. P. 12(d).

Under these standards, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (internal quotation marks omitted). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Petitioner v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

When deciding a motion to dismiss, all factual allegations in the plaintiff's complaint are presumed to be true and viewed in a light most favorable to the plaintiff. *See Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993). Additionally, the Court may only consider "the complaint as well as 'any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference.'" *Alyanaram v. Am. Ass'n of Univ. Professors at the N.Y. Inst. of Tech., Inc.*, 742 F.3d 42 (2d Cir. 2014) (quoting *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir.2001)).

## II. Liability Under the FCRA

"The FCRA creates a private right of action against credit reporting agencies for the negligent or willful violations of any duty imposed under the statute." *Neclerio v. Trans Union,*

*LLC,* 983 F.Supp.2d 199, 208 (D. Conn. 2013). Section 1681b of the FCRA outlines the permissible purposes for which a consumer credit reporting agency may furnish a consumer's credit report, one of which is if the person requesting the report "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). Section 1681b(f) prohibits a person from using or obtaining a consumer report for any purpose unless "the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." 15 U.S.C. § 1681b(f). A consumer may collect damages if a person willfully or negligently fails to comply with these sections. *See* 15 U.S.C. § 1681(n)-(o). Therefore, "[t]o state a claim for civil liability based on section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent." *Perl v. Am. Express*, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012). "[V]arious courts have held that, in order to survive a motion to dismiss, the plaintiff's complaint must allege specific facts as to the defendant's mental state when the defendant accessed the plaintiff's credit report. Merely stating that the violation was 'willful' or 'negligent' is insufficient." *Braun v. United Recovery Systems*, 14 F.Supp.3d 159, 167 (S.D.N.Y. 2014) (citing *Perl*, 2012 WL 2711270, at *2).

Section 1681e(b) of the FCRA states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "To succeed on a claim under this section, a plaintiff must establish that: (1) the consumer reporting agency was negligent in that it failed to follow reasonable procedures to

4

assure the accuracy of its credit report; (2) the consumer reporting agency reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's negligence proximately caused the plaintiff's injury." *Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 824, 829 (E.D.N.Y. 1994).

A.  **Defendants' Assertion that the Inquiry was Permissible**

Defendants first argue that the action should be dismissed because Defendant Experian furnished the consumer report to Defendant Rubin & Rothman in connection with a debt collection and Defendant Experian is "authorized to furnish, and entities such as [Defendant Rubin & Rothman] are authorized to obtain, consumer reports for collection purposes under the FCRA." (Defs. Mem. at 1, 5-7.) Therefore, Defendants contend, Plaintiff's credit report was furnished for a permissible purpose. However, Plaintiff does not make any assertions regarding Defendant Rubin & Rothman's status as a debt collector or the purpose for which the credit report was furnished in his Amended Complaint. Plaintiff alleges only that Defendant Rubin & Rothman "did not have a reasonable purpose to receive it." (Amended Compl. ¶¶ 3, 10, 20.) Such conclusory language, that only tracks the statute in a formulaic manner, fails to state a claim upon which relief can be granted.

B.  **Plaintiff's Claims that Defendants Willfully or Negligently Violated the FCRA**

Defendants next argue that Plaintiff's Amended Complaint fails to assert facts showing that Defendants willfully or negligently violated the FCRA. Instead, Defendants argue that the facts in Plaintiff's Amended Complaint "are conclusory and completely lack the specificity required by *Iqbal* and *Twombly*." (Defs. Mem at 8-9.)

The Court agrees with Defendants' categorization of the facts in Plaintiff's Amended Complaint. The only facts Plaintiff sets forth in his Amended Complaint are that Defendant

Experian furnished his consumer report to Defendant Rubin & Rothman. Plaintiff does not assert any facts showing how Defendants acted willfully or negligently in so doing, but only states that Defendants "willfully failed to comply" and "negligently failed to comply" with the FCRA. (Amended Compl. ¶¶ 9-10 & 19-20.) These statements are conclusory and amount to nothing more than the formulaic recitation of the elements of a cause of action. Therefore, the Court finds that Plaintiff has failed to show that Defendants acted willfully or negligently in violating section 1681b of the FCRA.

C.      **Plaintiff's Claims that Defendant Experian Did Not Act Reasonably to Assure the Accuracy of Plaintiff's Credit Report**

Defendants argue that Plaintiff has also failed to state a claim under section 1681e of the FCRA because Plaintiff failed to allege that Defendant Experian furnished inaccurate information in Plaintiff's credit report and Plaintiff failed to set forth facts supporting his allegation that Defendant Experian acted unreasonably.

The Court concurs with Defendants. The Amended Complaint fails to assert that the information on the credit report was inaccurate. The Amended Complaint also does not set forth how Defendant Experian acted unreasonably. Indeed, the Amended Complaint once again merely makes conclusory statements that Defendant Experian failed "to follow reasonable procedure[s] to assure maximum possibly accuracy of the Plaintiff's credit report." (Amended Compl. ¶ 9, 19.) Therefore, the Court finds that Plaintiff has failed to allege that Defendant Experian did not act reasonably to assure the accuracy of Plaintiff's credit report in violation of section 1681e of the FCRA.

**D.     Futility of Amending the Complaint**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000). However, a court may deny an opportunity to amend "when amendment would be futile." *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir.2009). Here, the complaint gives no indication that Plaintiff has a colorable claim under federal law and Plaintiff has already had one opportunity to amend the complaint. As any further attempt to amend the complaint would be futile, Plaintiff is denied leave to amend the complaint. *See Cuoco*, 222 F.3d at 112.

## CONCLUSION

For the above reasons, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. The court certifies pursuant to 28 U.S.C. § 19l5(a)(3) that any appeal would not be taken in good faith. Therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated: Brooklyn, New York
March 10, 2015                                                            /s/
                                                              DORA L. IRIZARRY
                                                              United States District Judge

7